JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    Email: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    Email: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INBOX TECHNOLOGIES USA, INC., a Texas Corporation; HUZEFA MUKHI, an Individual; SHAKIL NAZARALI, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:15-cv-1748<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 *U.S.C.* § 1114 / *Lanham Act* § 32(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN / FALSE OR MISLEADING ADVERTISING / UNFAIR COMPETITION [15 *U.S.C.* § 1125(a) / *Lanham Act* § 43(a)];**<br>**(3) TRADEMARK DILUTION [15 *U.S.C.* § 1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* § 501(a)];**<br>**(5) UNLAWFUL / UNFAIR / FRAUDULENT BUSINESS PRACTICES [*California Business & Professions Code* § 17200]; and**<br>**(6) UNFAIR COMPETITION [California Common Law]**<br><br>**[DEMAND FOR JURY TRIAL]** |

1

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff ADOBE SYSTEMS INCORPORATED (hereinafter "Plaintiff" or "Adobe") to hereby file its Complaint for Damages against Defendants INBOX TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.

2.     Plaintiff is informed and believes that Defendant INBOX TECHNOLOGIES USA, INC. (hereinafter "INBOX TECHNOLOGIES") is now, and was at the time of the filing of this Complaint and at all intervening times, a Texas Corporation conducting business at 5276 River Lake Way, Grand Prairie, Texas 75052-0711.

3.     Plaintiff is informed and believes that Defendant HUZEFA MUKHI (hereinafter "MUKHI") is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing and doing business from Grand Prairie, Texas and President of Defendant INBOX TECHNOLOGIES.

4.     Plaintiff is informed and believes that Defendant SHAKIL NAZARALI (hereinafter "NAZARALI") is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing and doing business from Grand Prairie, Texas.

5.     Plaintiff is informed and believes that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant INBOX TECHNOLOGIES did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

6.     Plaintiff is informed and believes that since the time of its creation, now, and at all times relevant to this Complaint, Defendant INBOX

**COMPLAINT FOR DAMAGES**

1    TECHNOLOGIES was undercapitalized.

2        7.    Plaintiff is informed and believes that since the time of its creation,
3    now, and at all times relevant to this Complaint, Defendant INBOX
4    TECHNOLOGIES has failed to observe corporate formalities required by law.

5        8.    The true names and capacities, whether individual, corporate,
6    associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are
7    unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious
8    names.    When the true names and capacities of said Defendants have been
9    ascertained, Plaintiff will amend this pleading accordingly.

10       9.    Plaintiff further alleges that Defendants INBOX TECHNOLOGIES,
11   MUKHI, NAZARALI, and DOES 1-10, inclusive, sued herein by fictitious
12   names, are jointly, severally and concurrently liable and responsible with the
13   named Defendants upon the causes of action hereinafter set forth.

14       10.   Plaintiff is informed and believes and thereon alleges that at all times
15   mentioned herein Defendants INBOX TECHNOLOGIES, MUKHI, NAZARALI,
16   and DOES 1-10, inclusive, and each of them, were the agents, servants and
17   employees of every other Defendant and the acts of each Defendant, as alleged
18   herein, were performed within the course and scope of that agency, service or
19   employment.

20                              **JURISDICTION**

21       11.   This Court has federal subject matter jurisdiction over this matter
22   pursuant to 28 *U.S.C.* §§ 1331 and 1338 (a) and (b), in that the case arises out of
23   claims for trademark infringement, false designation of origin, false or misleading
24   advertising, unfair competition and dilution under the *Lanham Act* (15 *U.S.C.* §
25   1051 *et seq.*), and copyright infringement under 17 *U.S.C.* § 501(a).  This Court
26   has supplemental jurisdiction pursuant to 28 *U.S.C.* §§ 1367(a) and 1338 (a) and
27   (b).

28   / / /

**COMPLAINT FOR DAMAGES**

12. Venue is proper, *inter alia*, pursuant to 28 *U.S.C.* § 1391(b), because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has caused damages to Plaintiff in this district.

13. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, and/or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

14. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold unauthorized and/or counterfeit software products that infringe the trademarks and copyrights of Plaintiff using an interactive Internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said unauthorized and/or counterfeit goods from Defendants, believing them to be authentic and/or authorized goods manufactured and distributed by Plaintiff or its authorized distributors.

## GENERAL ALLEGATIONS

### Plaintiff and its Famous ADOBE® Software Products

15. Plaintiff is a global leader in developing and distributing innovative computer software. Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media. The software industry is

competitive, and Plaintiff undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers.  Software piracy undermines Plaintiff's investment and creativity, and misleads and confuses consumers.

16.    The success of Plaintiff's ADOBE®, ACROBAT®, ADOBE AUDITION®, AFTER EFFECTS®, CAPTIVATE®, COLD FUSION®, CONTRIBUTE®, CREATIVE SUITE®, DIRECTOR®, DREAMWEAVER®, FIREWORKS®, FLASH BUILDER®, FLASH CATALYST®, FRAME MAKER®, FREEHAND®, ILLUSTRATOR®, INCOPY®, INDESIGN®, LIGHTROOM®, LIVECYCLE®, OVATION®, PAGEMAKER®, PHOTOSHOP®, and ROBOHELP® products and services, among others (collectively referenced and referred to herein as "ADOBE®-Branded Software"), is due in part to Plaintiff's marketing and promotional efforts.  These efforts include advertising and promotion through Plaintiff's websites, print and other Internet-based advertising, among other efforts.  Plaintiff has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its ADOBE®-Branded Software and the associated marks thereto.

17.    The success of the ADOBE®-Branded Software, and other products and services related thereto, is not due to Plaintiff's promotional efforts alone. Rather, the popularity of ADOBE®-Branded Software is also due in part to consumers and the word of mouth buzz consumers have generated.

18.    As a result of Plaintiff's efforts, the quality of Plaintiff's products, and the promotion and word of mouth buzz, ADOBE®-Branded Software and the associated marks thereto have been prominently placed in the minds of the public. Consumers, purchasers and members of the public have become familiar with the Plaintiff's software and other products and services and have come to recognize ADOBE®-Branded Software and the associated marks thereto and associate them

exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, ADOBE®-Branded Software and the associated marks thereto are famous in the United States and throughout the world and have acquired secondary meaning in the minds of consumers.

19. While Plaintiff has gained significant common law trademark and other rights in its ADOBE®-Branded Software through its use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark and copyright registrations.

20. Plaintiff has secured registrations for its ADOBE®, ACROBAT®, AFTER EFFECTS®, CREATIVE SUITE®, ENCORE®, PHOTOSHOP®, FIREWORKS®, FLASH®, INDESIGN®, XMP® and various design trademarks, among others, with the United States Patent and Trademark Office. A non-exhaustive list of Plaintiff's trademark registrations is attached hereto as **Exhibit A** (collectively referenced and referred to herein as "Plaintiff's Trademarks").

21. Similarly, Plaintiff's Adobe-Branded Software is copyrightable subject matter, and Plaintiff has secured copyright registrations for various versions of its ACROBAT©, AFTER EFFECTS CS5©, AFTER EFFECTS CS5.5©, CREATIVE SUITE 5 MASTER COLLECTION©, CREATIVE SUITE 5.5 MASTER COLLECTION©, ENCORE CS5©, PHOTOSHOP CS5©, PREMIER PRO CS 5©, PREMIER PRO CS5.5©, SOUNDBOOTH CS5©, FIREWORKS CS5©, FIREWORKS CS5©, and INDESIGN©, software, among others, with the United States Copyright Office. A non-exhaustive list of Plaintiff's copyright registrations is attached hereto as **Exhibit B** (collectively referenced and referred to herein as "Plaintiff's Copyrights").

/ / /

/ / /

/ / /

**Plaintiff's Licensing Restrictions**

22.   As part of its international licensing and distribution programs, Plaintiff imposes various restrictions on the distribution of ADOBE® software, including ADOBE®-Branded Software.   Every piece of ADOBE®-Branded Software is licensed.   Every distribution agreement entered into by Plaintiff clearly states that all ADOBE®-Branded Software is subject to a license, and anyone obtaining any ADOBE®-Branded Software is only granted a license, pursuant to Plaintiff's Software License Agreement ("SLA").   Plaintiff maintains title to the ADOBE®-Branded Software at all times, and at no point does it transfer any ownership of title.   Each and every piece of ADOBE®-Branded Software is subject to numerous restrictions on use, location of distribution, transfer, and even who is qualified to obtain the product, in certain circumstances.

23.   At times, Plaintiff will distribute pre-release or beta ("BETA") versions of its ADOBE®-Branded Software.   BETA software does not represent the final version of a product and is not intended for general, commercial distribution.   BETA software may not be resold, pursuant to Plaintiff's SLA as well as the License Agreement for Pre-release Software.   BETA software is provided free of charge to select consumers or "testers" and may include bugs, errors and other problems that could cause system or other failures and data loss.   By accepting the BETA software, testers agree that all copies of BETA software will be returned or destroyed upon the earlier of Plaintiff's request or upon Plaintiff's commercial release of such software.

**Defendants' Wrongful and Infringing Conduct**

24.   Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation they have gained, Plaintiff and its well-recognized products have become targets for unscrupulous individuals and entities who wish to take a free ride on the goodwill, reputation and fame Plaintiff has spent considerable effort to build up in its products and marks, and the works embodied

1   in Plaintiff's software products.

2      25.   A large number of individuals and entities deal in unauthorized,

3   pirated and/or counterfeit ADOBE®-Branded Software products and other

4   products and services, including the famous ADOBE®, ACROBAT®, AFTER

5   EFFECTS®,   CREATIVE   SUITE®,   ENCORE®,   PHOTOSHOP®,

6   FIREWORKS®, FLASH®, INDESIGN®, XMP®, ACROBAT©, AFTER

7   EFFECTS CS5©, AFTER EFFECTS CS5.5©, CREATIVE SUITE 5 MASTER

8   COLLECTION©,   CREATIVE   SUITE   5.5   MASTER   COLLECTION©,

9   ENCORE CS5©, PHOTOSHOP CS5©, PREMIER PRO CS 5©, PREMIER PRO

10  CS5.5©, SOUNDBOOTH CS5©, FIREWORKS CS5©, FIREWORKS CS5©,

11  and INDESIGN© products.   Their actions vary and include manufacturing,

12  copying, exporting, importing, advertising, promoting, selling, and distributing

13  counterfeit and/or otherwise unauthorized ADOBE®-Branded Software products.

14     26.   Plaintiff investigates and enforces against such activity and through

15  such efforts learned of Defendants and their advertising, importing, exporting,

16  selling and/or distributing infringing ADOBE®-Branded Software products

17  within the United States.

18     27.   Defendants own and operate an interactive storefront on the Internet

19  website www.ebay.com (hereinafter "eBay"), under the seller ID "notebookshopp,"

20  and offer for sale products containing various software products, including altered,

21  unauthorized and/or counterfeit ADOBE®-Branded Software products.

22     28.   On or about December 24, 2012, Plaintiff purchased an Apple

23  MacBook laptop computer listed as "Apple MacBook Pro 15.4" 2.4Ghz 640Gb

24  4GB Lion MS Office 2011 Final Cut Photoshop" (Item #13080835236) from

25  Defendants' eBay storefront for a cost of $699.52.   The laptop computer was

26  purchased and charged to Plaintiff's PayPal electronic payment account.   A true

27  and correct copy of the PayPal Transaction Details receipt is attached hereto as

28  **Exhibit C.**

29.    The purchased laptop computer was examined by Plaintiff and the purported ADOBE software programs contained therein were analyzed.  Analysis revealed that the laptop computer acquired from Defendants contained unauthorized BETA versions of Plaintiff's ADOBE® CREATIVE SUITE® ("CS") 5 and 5.5 software, both of which uses improper and inconsistent serial numbers for the operation of the software.

30.    Plaintiff has never authorized or consented to Defendants' use of Plaintiff's Trademarks, or any confusingly similar mark, or Plaintiff's Copyrights. Specifically, Plaintiff has never authorized Defendants to manufacture, copy, unbundle, or alter any of Plaintiff's Copyrights or use any of Plaintiff's Trademarks.

31.    Defendants offer for sale, sell, and/or distribute unauthorized and circumvented copies and/or counterfeit copies of ADOBE®-Branded Software to end users in the United States and within this judicial district, without any authorization, contractual agreement, or license with Plaintiff.

32.    Upon further investigation by Plaintiff of Defendants, it has become apparent that Defendants are engaged in an ongoing piratical concern whose primary business consists of systematically infringing upon Plaintiff's Trademarks and Plaintiff's Copyrights in order to generate substantial illegal revenues.

33.    By these sales and on information and belief, Defendants have imported, advertised, marketed, offered for sale, sold and/or distributed numerous counterfeit and/or unauthorized ADOBE®-Branded Software products that infringe on Plaintiff's Trademarks and Plaintiff's Copyrights, resulting in substantial ill-gotten gains for Defendants.  Defendants' dealings in counterfeit and/or unauthorized product (including importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit and/or unauthorized product) violate Plaintiff's exclusive rights in Plaintiff's Copyrights and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit

reproductions of Plaintiff's Trademarks to confuse consumers and aid in the promotion and sales of Defendants' unauthorized products.

34.  Defendants' conduct and use began long after Plaintiff's adoption and use of its ADOBE®, ACROBAT®, AFTER EFFECTS®, CREATIVE SUITE®, ENCORE®, PHOTOSHOP®, FIREWORKS®, FLASH®, INDESIGN®, XMP®, ACROBAT©, AFTER EFFECTS CS5©, AFTER EFFECTS CS5.5©, CREATIVE SUITE 5 MASTER COLLECTION©, CREATIVE SUITE 5.5 MASTER COLLECTION©, ENCORE CS5©, PHOTOSHOP CS5©, PREMIER PRO CS 5©, PREMIER PRO CS5.5©, SOUNDBOOTH CS5©, FIREWORKS CS5©, FIREWORKS CS5©, and INDESIGN©, and various design trademarks and copyrights, after Plaintiff obtained the copyright and trademark registrations alleged above, and after Plaintiff's Trademarks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the Trademarks, and of the fame in such Trademarks, prior to the actions alleged herein and adopted them in bad faith and with intent to cause confusion and dilute Plaintiff's Trademarks.  Defendants also had knowledge of Plaintiff's ownership of its Copyrights and copied, imported, offered for sale, sold, and/or distributed unauthorized copies of the Copyrights in order to illegally profit from Plaintiff's Copyrights.

35.  Defendants' actions were committed with full knowledge that their conduct constituted infringement of Plaintiff's Trademarks and Copyrights.

36.  Defendants' actions were committed in bad faith and with the intent to dilute Plaintiff's Trademarks, and to cause confusion, mistake or to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

37.  In committing these acts, Defendants have, among other things,

1  willfully and in bad faith committed the following, all of which has and will

2  continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's

3  rights in Plaintiff's Trademarks; (ii) infringed Plaintiff's Copyrights; (iii) applied

4  counterfeit marks; (iv) misled the public into believing there is an association or

5  connection between Defendants and Plaintiff and/or the products advertised and

6  sold by Defendants and Plaintiff; (v) used false designations of origin on or in

7  connection with its goods and services; (vi) committed unfair competition; (vii)

8  and unfairly profited from such activity.   Unless enjoined, Defendants will

9  continue to cause irreparable harm to Plaintiffs.

10  **<u>FIRST CAUSE OF ACTION</u>**

11  **(Infringement of Registered Trademarks Against Defendants INBOX**

12  **TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI,**

13  **and DOES 1-10, Inclusive)**

14  **[15 *U.S.C.* § 1114/*Lanham Act* § 32(a)]**

15      38.    Plaintiff repeats and re-alleges every allegation set forth in

16  Paragraphs 1-37

17      39.    Plaintiff has continuously used Plaintiff's Trademarks in interstate

18  commerce since at least as early as 1993.

19      40.    Plaintiff, as the owner of all right, title and interest in and to

20  Plaintiff's Trademarks, has standing to maintain an action for trademark

21  infringement under the Trademark Statute, 15 *U.S.C.* § 1114.

22      41.    Defendants are, and at the time of their actions complained of herein

23  were, actually aware that Plaintiff is the registered trademark holder of Plaintiff's

24  Trademarks (*see* non-exhaustive list of Plaintiff's trademark registrations attached

25  hereto as **Exhibit A**).

26      42.    Defendants did not and failed to obtain the consent or authorization

27  of Plaintiff as the registered owner of Plaintiff's Trademarks to deal in and

28  commercially distribute, market and sell Adobe-Branded Software products

bearing Plaintiff's Trademarks into the stream of commerce.

43.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, and/or distribution of Defendant's software products by importing, offering, advertising, promoting, retailing, selling, and/or distributing counterfeit and/or unauthorized copies of Adobe-Branded Software bearing Plaintiff's Trademarks.

44.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, and/or distribution of goods.   Defendants thereupon imported, offered, advertised, promoted, retailed, sold, and/or distributed counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks.

45.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized items bearing Plaintiff's Trademarks is likely to cause confusion or mistake, or to deceive, mislead, betray, and defraud consumers who believe that items being offered for sale by Defendants are authorized products manufactured and distributed by Plaintiff.

46.     Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in Plaintiff's Trademarks.   Defendants' acts have been committed with knowledge that their conduct infringes Plaintiff's rights in Plaintiff's Trademarks.   Defendants have acted willfully, in bad faith, and with the intent to cause confusion, mistake or to deceive.

47.     Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiff's Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law.

1 Thus, Plaintiff requests injunctive relief, including but not limited to preliminary

2 relief.

3     48.    Defendants' continued and knowing use of Plaintiff's Trademarks

4 without Plaintiff's consent or authorization constitutes intentional infringement of

5 Plaintiff's federally registered trademarks in violation of Section 32 of the

6 *Lanham Act*, 15 *U.S.C.* § 1114.  Based on such conduct, Plaintiff is entitled to

7 injunctive relief as well as monetary damages, and other remedies provided by

8 section 1116, 1117, and 1118, including Defendants' profits, treble damages,

9 reasonable attorneys' fees, costs and prejudgment interest.

10                     **SECOND CAUSE OF ACTION**

11     **(False Designation of Origin / False or Misleading Advertising / Unfair**

12       **Competition Against Defendants INBOX TECHNOLOGIES USA, INC.,**

13        **HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, Inclusive)**

14                  **[15 *U.S.C.* § 1125(a)/*Lanham Act* § 43(a)]**

15     49.    Plaintiff repeats and re-alleges every allegation set forth in

16 Paragraphs 1-48.

17     50.    Plaintiff, as the owner of all common law right, title, and interest in

18 and to Plaintiff's Trademarks, has standing to maintain an action for false

19 designation of origin and unfair competition under the Federal Trademark Statute,

20 *Lanham Act* § 43(a) (15 *U.S.C.* § 1125).  Plaintiff's Trademarks are inherently

21 distinctive and/or have acquired distinctiveness.

22     51.    Defendants have, without authorization, on or in connection with

23 their goods and services, used in commerce marks that are confusingly similar to

24 Plaintiff's Trademarks and/or have made false designations of origin which are

25 likely to cause confusion, mistake or to deceive as to the affiliation, connection or

26 association of Defendants with Plaintiff and/or as to the origin, sponsorship or

27 approval of Defendants' goods or services or commercial activities.

28 / / /

52.     Defendants' conduct described above violates the *Lanham Act*, and Defendants have unfairly competed with and injured Plaintiff and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial.  Defendants' actions are causing and will continue to cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's Trademarks.

53.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or deception, all in blatant disregard of Plaintiff's rights.

54.     Defendants knew or, by the exercise of reasonable care, should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiff's Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

55.     Defendants' egregious and intentional use and sale of counterfeit and/or unauthorized software bearing Plaintiff's Trademarks unfairly competes with Plaintiff and is likely to cause confusion, mistake or to deceive, mislead, betray, and defraud consumers to believe that Defendants' unauthorized products are genuine, authorized Adobe-Branded Software.

56.     Defendants' continuing and knowing use of Plaintiff's Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the *Lanham Act*, 15 *U.S.C.* § 1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

57.     Defendants' wrongful conduct has permitted or will permit them to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of sales of its products in an amount as yet unknown but to be

determined at trial, and has been deprived and will be deprived of the value of its marks as commercial assets in an amount as yet unknown but to be determined at trial.  Plaintiff seeks an accounting of Defendants' profits and requests that the Court grant Plaintiff three times that amount in the Court's discretion.

58.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, including but not limited to preliminary relief, as well as monetary damages and other remedies as provided by the *Lanham Act*, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

### (Dilution Against Defendants INBOX TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, Inclusive)

### [15 *U.S.C.* § 1125(c)]

59.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-58.

60.     Plaintiff's Trademarks are distinctive and famous within the meaning of the *Lanham Act*.

61.     Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Trademarks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute or tarnish Plaintiff's Trademarks.  Defendants' conduct is willful, wanton and egregious.

62.     Defendants' intentional sale of counterfeit and/or unauthorized software bearing Plaintiff's Trademarks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that Defendants' substandard and/or limited software are authorized, full retail versions of Adobe-Branded Software. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Trademarks and are likely to impair the

COMPLAINT FOR DAMAGES

1   distinctiveness, strength and value of Plaintiff's Trademarks and injure the

2   business reputation of Plaintiff and its marks.

3       63.   Defendants' acts have caused and will continue to cause Plaintiff

4   irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully

5   for the damages that have been caused and which will continue to be caused by

6   Defendants' unlawful acts, unless they are enjoined by this Court.

7       64.   As the acts alleged herein constitute a willful violation of section

8   43(c) of the *Lanham Act*, 15 *U.S.C.* § 1125(c), Plaintiff is entitled to injunctive

9   relief, including but not limited to preliminary relief, as well as monetary damages

10   and other remedies provided by 15 *U.S.C.* §§ 1116, 1117, 1118, and 1125(c),

11   including Defendants' profits, treble damages, reasonable attorney's fees, costs

12   and prejudgment interest.

13                      **<u>FOURTH CAUSE OF ACTION</u>**

14   **(Federal Copyright Infringement Against Defendants INBOX**

15   **TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI,**

16   **and DOES 1-10, Inclusive)**

17   **[17 *U.S.C.* § 501(a)]**

18       65.   Plaintiff repeats and re-alleges every allegation set forth in

19   Paragraphs 1-64.

20       66.   Plaintiff is the exclusive owner of copyrights in the Adobe-Branded

21   Software along with images and other protectable works related thereto and

22   possesses copyright registrations with the United States Copyright Office relating

23   to the same.

24       67.   Defendants did not seek and failed to obtain Plaintiff's consent or

25   authorization to import, utilize, manufacture, reproduce, copy, display, prepare

26   derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's

27   copyright-protected materials.

28       68.   Without permission, Defendants intentionally and knowingly

circumvented, reproduced, counterfeited, copied, displayed, manufactured and/or distributed Plaintiff's protected works by importing, offering, advertising, promoting, retailing and/or selling counterfeit and/or unauthorized software which are, at a minimum, substantially similar to Plaintiff's Copyrights (*see* non-exhaustive list of Plaintiff's copyright registrations attached hereto as **Exhibit B**).

69.    Defendants' acts as alleged herein, constitute infringement of Plaintiff's Copyrights, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

70.    Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff.  Plaintiff is therefore entitled to injunctive relief, including but not limited to preliminary relief, as well as damages, Defendants' profits, increased damages, and reasonable attorney's fees and costs.

### FIFTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants INBOX TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, Inclusive)**

**[*California Business & Professions Code* § 17200, *et seq*.]**

71.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-70.

72.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of *California Business and Professions Code* § 17200 *et seq*.

73.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized Adobe-Branded Software is

in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendants, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

74.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit and/or unauthorized product would cause confusion, mistake or deception among purchasers, users and the public.

75.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized versions of Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants intended to, did and will induce customers to purchase their products by trading off the extensive goodwill built up by Plaintiff in its marks.

76.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, and intended to cause confusion, mistake or to deceive, all in blatant disregard of Plaintiff's rights.

77.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and

1   Plaintiff's actual and/or compensatory damages.

2        78.   Plaintiff has no adequate remedy at law for Defendants' continuing

3   violation of its rights set forth above.  Plaintiff seeks injunctive relief, including

4   but not limited to preliminary relief.

5        79.   Plaintiff further requests a court order that an asset freeze or

6   constructive trust be imposed over all monies in Defendants' possession that

7   rightfully belong to Plaintiff.

8                          **<u>SIXTH CAUSE OF ACTION</u>**

9   **(Unfair Competition Against Defendants INBOX TECHNOLOGIES USA,**

10  **INC., HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, Inclusive)**

11                      **[California Common Law]**

12       80.   Plaintiff repeats and re-alleges every allegation set forth in

13  Paragraphs 1-79.

14       81.   By marketing, advertising, promoting, selling and/or otherwise

15  dealing in counterfeit and/or unauthorized Adobe-Branded Software, Defendants

16  have engaged in unfair competition including unlawful, unfair and fraudulent

17  business practices in violation of the common law of the State of California.

18       82.   Defendants' marketing, advertising, promoting, selling and/or

19  otherwise dealing in the counterfeit and/or unauthorized Adobe-Branded Software

20  is in violation and derogation of Plaintiff's rights and is likely to cause confusion,

21  mistake and deception among consumers and the public as to the source, origin,

22  sponsorship, or quality of the goods of Defendants, thereby causing loss, damage

23  and injury to Plaintiff and to the purchasing public.  Defendants' conduct was

24  intended to cause such loss, damage and injury.

25       83.   Defendants knew or by the exercise of reasonable care should have

26  known that their marketing, advertising, promoting, selling and/or otherwise

27  dealing in and their continuing marketing, advertising, promoting, selling and/or

28  otherwise dealing in the counterfeit and/or Adobe-Branded Software would cause

confusion mistake or deception among purchasers, users and the public.

84. By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit and/or unauthorized versions of Adobe-Branded Software bearing Plaintiff's Trademarks, Defendants intended to, did and will induce customers to purchase their products by trading off the extensive goodwill built up by Plaintiff in its marks.

85. Upon information and belief, the conducts of Defendants have been knowing, deliberate, willful, and intended to cause confusion, mistake or to deceive, all in blatant disregard of Plaintiff's rights.

86. Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from their infringing activity, and Plaintiff's actual and/or compensatory damages.

87. Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above. Plaintiff seeks injunctive relief, including but not limited to preliminary relief.

88. Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession that rightfully belong to Plaintiff.

89. Plaintiff seeks exemplary or punitive damages for Defendants' intentional misconduct.

**PRAYER OF RELIEF**

WHEREFORE, Plaintiff ADOBE SYSTEMS INCORPORATED prays for judgment against Defendants INBOX TECHNOLOGIES USA, INC., HUZEFA MUKHI, SHAKIL NAZARALI, and DOES 1-10, inclusive, and each of them, as follows:

A.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 *U.S.C.* § 1114(a);

B.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 *U.S.C.* § 501(a);

C.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 *U.S.C.* § 1125(a);

D.      For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 *U.S.C.* § 1125(c);

E.      In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's trademark pursuant to the *Lanham Act*, for statutory damages pursuant to 15 *U.S.C.* § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

F.      In the alternative to actual damages and Defendants' profits pursuant to 17 *U.S.C.* § 504(b), for statutory damages pursuant to 17 *U.S.C.* § 504(c), which election Plaintiff will make prior to the rendering of final judgment;

G.      For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* § 17200;

H.      For damages to be proven at trial for common law unfair competition;

I.      For consequential and compensatory damages;

J.      For damages to be proven at trial for breach of contract;

K.      For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit and/or unauthorized product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

L.      For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if Defendants complied with their legal obligations, or as equity requires;

M.      For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

N.      For destruction of the infringing articles in Defendants' possession under 15 *U.S.C.* § 1118 and 17 *U.S.C.* § 503;

O.      For treble damages suffered by Plaintiff as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 *U.S.C.* § 1117(b);

P.      For damages in an amount to be proven at trial for unjust enrichment;

Q.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

R.      For Plaintiff's reasonable attorney's fees;

S.      For all costs of suit; and

T.      For such other and further relief as the Court may deem just and

equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff ADOBE SYSTEMS INCORPORATED respectfully demands a trial by jury in this action.

DATED: March 10, 2015          JOHNSON & PHAM, LLP


By: /s/ Christopher Q. Pham
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED